**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOSE SAEZ,**<br>**Individually and on behalf of all others similarly situated;**<br><br>**Plaintiff,**<br><br>**vs.** | **CIVIL ACTION No.**<br><br>**JURY TRIAL DEMANDED** |
| **PROPER WAY SERVICES LLC, BROOKSTONE DEVELOPERS LLC, and NELSON GUBOLIN,**<br><br>**Defendants.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) and CLASS ACTION PURSUANT TO FRCP 23**<br><br>**OCTOBER 10, 2025** |

**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. Plaintiff, Jose Saez, brings this Class and Collective Action Complaint to recover unpaid wages, overtime compensation, unlawful deductions, and theft of wages for Plaintiff and similarly situated individuals who have been employed by Defendants Proper Way Services LLC, Brookstone Developers LLC, and Nelson Gubolin (collectively "Defendants") for some or all of the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. Plaintiff brings his claims pursuant to: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq.*, Conn. Gen. Stat. § 31-72, and related provisions from the Regulations of the Connecticut State Agencies; and the New York Labor Law ("NYLL"), NYLL. § 650 *et seq.*, as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations.

3. At all relevant times, Plaintiff regularly worked for Defendants in excess of 40 hours per week without receiving appropriate compensation for any of the hours that he worked.

4. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA, the CMWA, and the NYLL.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

6. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants, as a putative class action under FRCP 23 with respect to the Connecticut state law claims and the New York state law claims.

## II. PARTIES

7. Plaintiff, Jose Saez, is an adult individual residing in Beacon Falls, Connecticut. Plaintiff worked for Defendants from October 2023 until December 12, 2024.

8. Plaintiff consents to be a party pursuant to 29 U.S.C. § 216(b) and to bring these claims based upon the allegations herein as the representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as a representatives of the Proposed Class.

9. Defendant Proper Way Services LLC (hereinafter "Defendant Proper Way") is a company organized and existing under the laws of the State of Connecticut. Defendant Proper Way is located in Trumbull, Connecticut and has a mailing address of 156 Fresh Meadow Drive, Trumbull, CT 06611.

10. Defendant Proper Way employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which he seeks redress in this case.

Plaintiff received checks issued by "Proper Way Services LLC," and that were signed by Defendant Nelson Gubolin.

11. Defendant Brookstone Developers LLC (hereinafter "Defendant Brookstone") is a corporation organized and existing under the laws of the State of New York. Defendant Brookstone is headquartered in Brooklyn, New York and has a mailing address of 5913 20th Ave, Brooklyn, NY 11204. Defendant Brookstone is a property developer and construction remodeling company. During the relevant time period, Defendant Brookstone engaged Defendant Proper Way and its employees to perform construction and remodeling work on a number of its building construction and remodeling projects. These actions fall within the purview of employment decisions for which the Plaintiff seeks redress in this case.

12. Defendant Nelson Gubolin (hereinafter "Defendant Gubolin"), is the owner, agent, and principal of Defendant Proper Way. Defendant Gubolin's mailing address is 156 Fresh Meadow Drive Trumbull, CT 06611.

13. Defendant Gubolin employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which he seeks redress in this case.

14. Defendants constitute joint employers for purposes of the FLSA and other wage laws.

15. During the relevant time period, Defendant Proper Way and its employees only performed work for Defendant Brookstone, and did so at the premises of Brookstone construction and remodeling projects. When Plaintiff and other Proper Way employees performed construction and remodeling work on Brookstone construction and remodeling projects, they were performing services that were an integral part of the construction and remodeling project that Brookstone was hired to produce.

16. Defendant Brookstone paid Defendants Proper Way and Gubolin on a weekly basis for the work that Proper Way and its employees performed for Brookstone, akin to a weekly payroll schedule. In addition, by exercising control over how Defendant Proper Way and Defendant Gubolin were paid, Defendant Brookstone also exercised *de facto* power relating to Plaintiff's compensation because Defendant Brookstone was Proper Way's only source of revenue, Proper Way did not perform work for any companies other than Brookstone, and funding from Brookstone was the means by which Proper Way and Gubolin paid wages to Plaintiff and other similarly situated employees.

17. When Plaintiff and other Proper Way employees were performing work on Brookstone construction and remodeling projects, there was almost always a Brookstone supervisor on site. Brookstone supervisors had the right to control and supervise the work performed by Plaintiff and other Proper Way employees and acted to ensure that work performed by Plaintiff and other Proper Way employees was performed based on the time and schedule and quality that Brookstone wanted. Brookstone supervisors inspected the work completed by Plaintiff and other Proper Way employees, and Brookstone supervisors could instruct employees of Defendant Proper Way to correct or remake what they had completed if Brookstone was not satisfied with the way that the work was completed. Defendant Brookstone also had the power to fire employees from Defendant Proper Way from its projects, and since Proper Way did not perform work for any company other than Defendant Brookstone, a direction from Brookstone to Proper Way to fire an employee from working on Brookstone projects constituted a direction to terminate an employee from their employment with Proper Way. Based on Proper Way's dependence on Brookstone and the control that Brookstone had the ability to exercise over Proper Way, Defendant Brookstone had the right to control who

worked for Proper Way. Supervisors from Defendant Brookstone also acted as the direct supervisor of Defendant Gubolin.

18. Defendant Brookstone also decided the hours of work for Proper Way and its employees, including the time each day when they would begin and end their work. In addition, if Brookstone was not working on a particular day, such as on a particular holiday that Brookstone observed, then Proper Way and its employees would not be permitted to work on that day.

19. Defendant Brookstone also decided the locations at which Plaintiff and other Proper Way employees would work. If Plaintiff and other Proper Way employees were working at one of Defendant Brookstone's properties, Defendant Brookstone had the ability to, and did, send Plaintiff and other Proper Way employees to perform work at another one of its properties.

20. Defendant Brookstone also had responsibility for maintaining time records for Plaintiff and other Proper Way employees. When Plaintiff performed work for Defendants Proper Way and Brookstone, Plaintiff recorded hours of work through an application managed by Defendant Brookstone, and the hours of work recorded through that application were used as the basis for paying Plaintiff's wages on an hourly basis. Defendant Brookstone provided Plaintiff and other Proper Way employees with access to the application to record hours of work, and if there was a problem with recording or calculating the hours worked, only Brookstone had the ability to correct the time records maintained on that application. Defendant Brookstone was also involved in deciding when Plaintiff was allowed, or required, to "punch-in" or "punch-out."

## III. JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

22. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides in this District, Defendant Proper Way Services LLC is incorporated in this District, and a substantial part of the events that are the subject of the litigation transpired in this District.

## IV. FACTS

25. Plaintiff is a former employee of Defendants, primarily employed in performing the duties of a construction worker.

26. Plaintiff worked for Defendants for over one (1) year from October 2023 until December 12, 2024.

27. Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure but rather was controlled by Defendants.

28. Plaintiff is non-exempt under FLSA, the CMWA, and the NYLL. Plaintiff performed physical labor for Defendants, and Plaintiff did not receive a set salary.

29. Throughout his employment with Defendants, Plaintiff worked in excess of 40 hours per week.

30. Plaintiff was typically scheduled to work Monday through Friday from approximately 5:30 A.M. until approximately 6:00 P.M. This amounted to an average of 63.5 (sixty-three and a half hours) per week, working five days per week.

31. Plaintiff's workday began at approximately 5:30 A.M. Defendant Gubolin, as the owner and operator of Defendant Proper Way, required Plaintiff and other similarly situated individuals to report to a parking lot in Bridgeport, Connecticut each morning they were scheduled to work. Plaintiff and other similarly situated individuals were then picked up in vehicles and transported to work sites in New York.

32. At least one of these vehicles was driven each morning by Defendant Gubolin.

33. Defendants required Plaintiff and similarly situated individuals to document their time in a mobile app called "Track My Guys," which was managed and controlled by Defendant Brookstone However, despite being required to meet in Bridgeport, CT at 5:30 A.M. and required to ride with other employees to the work sites in New York, Plaintiff and other similarly situated individuals were not allowed to punch in until 7:00 A.M., even if they arrived at the site beforehand.

34. Plaintiff and other similarly situated individuals worked at the following job sites after being transported by Defendants from Connecticut to New York:

a. 30 West 138th Street, New York, New York 10037;

b. Crown Heights Center for Nursing and Rehabilitation – 810 St. Marks Avenue, Brooklyn, New York 11213;

c. King David Center for Nursing and Rehabilitation – 2266 Cropsey Avenue, Brooklyn, New York 11214.

35. Defendant Brookstone, as a general contractor, engaged Defendant Proper Way

to perform construction and remodeling work at the job sites. In this capacity, Defendant Brookstone retained significant control over the projects' scope, schedule, and overall execution. Representatives from Defendant Brookstone Developers were almost always present at the job sites. These representatives communicated with Defendant Gubolin and/or other employees of Defendant Proper Way.

36. At approximately 6:00 P.M. each evening, Plaintiff and similarly situated individuals were transported by Defendant Gubolin and other employees of Defendant Proper Way back to the parking lot in Bridgeport, Connecticut. They arrived back in Bridgeport, Connecticut at approximately 8:00 P.M. each night that they worked.

37. Plaintiff's compensation was approximately $28 per hour.

38. Defendants never paid overtime for hours beyond (40) per week.

39. Defendants did not provide Plaintiff with each payment of wages or an accurate statement of wages, as required by Conn. Gen. Stat. § 31-13a and NYLL § 195(3).

40. Defendants never provided Plaintiff, at the time his employment commenced, with written notice of his rate of pay, employer's regular payday, and such other information as required by Conn. Gen. Stat. § 31-71f and NYLL §195(1).

41. Defendants also took unlawful deductions from Plaintiff's pay, including but not limited to, Defendants' insurance and transportation costs.

42. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practices and who were not paid overtime wages for all hours worked in excess of forty hours a week for all weeks worked after October 1, 2023.

43. In connection with the above-mentioned allegations and claims, Plaintiff seeks damages for unpaid wages and compensatory damages as well as applicable liquidated

damages, interest, attorney's fees, and costs.

44. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the Connecticut state law claims and the New York state law claims.

## V. FLSA COLLECTIVE ACTION – COLLECTIVE-WIDE FACTUAL ALLEGATIONS

45. Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants on or after October 1, 2023 who elect to opt-in to this action (the "FLSA Collective").

### *FLSA COLLECTIVE ACTION DEFINITION*

46. The class of similarly situated individuals sought to be certified under 29 U.S.C. § 216(b) as a collective action is defined as:

> All current or former construction workers and/or manual laborers employed by Proper Way Services LLC, Brookstone Developers LLC, and/or any of its affiliated entities who were not paid overtime for all hours worked over 40 in a work week since October 1, 2023.

47. The class is so numerous that joinder of all members is impracticable.

48. Upon information and belief, the size of the FLSA Collective is roughly 30 individuals.

49. Although the precise number is unknown, Defendants are in control and possession of the facts required for a more specific calculation.

### *COVERAGE UNDER THE FLSA*

50. At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. § 203(d).

51. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

52. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

53. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

***FLSA VIOLATIONS***

54. There are questions of law and fact common to the class, including whether Defendants' failure to pay overtime compensation violated the FLSA.

55. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

56. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This pattern, practice and/or policy includes, but is not limited to:

a. Willfully failing to pay overtime wages for hours worked in excess of 40 hours

per week;

b. Willfully failing to keep records that satisfy statutory requirements.

57. At all relevant times, Plaintiff and other members of the FLSA Collective who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

58. The claims of Plaintiff stated herein are similar to those of the other employees, and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

59. Defendants are aware that the FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective, overtime premium for hours worked in excess of 40 hours per workweek.

60. Defendants' unlawful conduct has been widespread, repeated and consistent.

61. Plaintiff's claims are typical of the claims of the FLSA Collective, and Plaintiff and the FLSA Collective all perform or performed the same primary duties. and Plaintiff will fairly and adequately protect the interests of the class.

62. A collective action is superior to other methods for the fair and efficient adjudication of the controversy.

## VI. <u>RULE 23 CLASS ACTION (CONNECTICUT AND NEW YORK STATE LAW)</u>

63. Plaintiff brings certain Connecticut Minimum Wage Act ("CMWA") and New York Labor Law ("NYLL) claims pursuant to FRCP 23 on behalf of all of the Defendants' employees who work or have worked for Defendants from October 1, 2023 and the date of

final judgment in this matter ("the Class").

### *RULE 23 CLASS ACTION DEFINITION*

64. The class of similarly situated employees sought to be certified as a class under Fed. R. Civ. P. 23 is defined as:

> All current or former construction workers and/or manual laborers employed by Proper Way Services LLC, Brookstone Developers LLC, and/or any of its affiliated entities who were not paid overtime for all hours worked over 40 in a work week since October 1, 2023.

("The Class").

65. Excluded from the Class are, *inter alia*, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

66. On information and belief, the size of the Class is roughly 30 individuals.

67. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of the Defendants.

### *CONNECTICUT MINIMUM WAGE ACT VIOLATIONS*

68. Common questions of law and fact exist as to the Class that predominates over any questions only affecting them individually and include, but are not limited to, the following:

a. Whether Defendants violated Connecticut General Statutes § 31-58 *et. seq* and the supporting Connecticut State Agencies Regulations;

b. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

c. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the

CMWA;

d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

e. The nature and extent of class-wide injury and the measure of damages for those injuries.

69. Plaintiff's claims are typical of the Connecticut Class's claims that he seeks to represent. Defendant Proper Way Services LLC is a Connecticut-based company. Defendant Proper Way Services LLC hires Connecticut residents, and Plaintiff and the Connecticut Class worked for Defendants in Connecticut. Plaintiff and the Class enjoy the same CMWA rights to receive overtime; to be protected from unlawful deductions; and to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar types of damages as a result of Defendants' non-compliance with the CMWA. Plaintiff and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

***NEW YORK LABOR LAW VIOLATIONS***

70. Common questions of law and fact exist as to the Class that predominates over any questions only affecting them individually and include, but are not limited to, the following:

a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

b. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

c. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

e. The nature and extent of class-wide injury and the measure of damages for those injuries.

71. Plaintiff's claims are typical of the Class's claims that he seeks to represent. Defendants employed Plaintiff and the Class and assigned them work to complete in New York State. Plaintiff and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; and to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiff and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

72. Plaintiff will fairly and adequately represent and protect the interests of the Class's members. Plaintiff understands that as class representative he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the Class's interests. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class. Plaintiff understands that in order to provide adequate

representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Class.

73. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the CMWA and the NYLL as well as the statutes' common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

74. This action is properly maintainable as a class action under FRCP 23(b)(3).

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT – Violation of Overtime / Recordkeeping Provisions)**

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Collective members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

77. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Collective members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

80. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81. Defendants took unlawful deductions from Plaintiff's earned wages and the FLSA Class's earned wages.

82. Defendants failed to satisfy the FLSA's recordkeeping requirements.

83. Defendants acted willfully in their violations of the FLSA's requirements.

84. Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(CONNECTICUT MINIMUM WAGE ACT—Violation of Overtime/Unpaid Wages/Recordkeeping)**

85. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of Conn. Gen. Stat. § 31-58 *et seq*.

87. Defendants failed to pay overtime wages to Plaintiff and Connecticut Class

members for all the hours they worked more than 40 in a week as required by Conn. Gen. Stat. § 31-58 *et seq.*, and its implementing regulations.

88. Defendants' failure to Pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of Conn. Gen. Stat. § 31-72.

89. Defendants' failure to comply with Connecticut wage-and-hour protections caused the Plaintiff and the Class to be damaged in an amount to be determined at trial.

90. Defendants failed to provide Plaintiff, at the time his employment commenced, with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and other such information as required by Conn. Gen. Stat. § 31-71f.

91. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by Conn. Gen. Stat. § 31-13a.

92. Defendants acted willfully in their violation of the above-described CMWA requirements.

**THIRD CAUSE OF ACTION**
**(NEW YORK LABOR LAW—Violation of Overtime/Unpaid Wages/Record Keeping)**

93. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

94. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

95. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

96. Defendants' failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of NYLL § 663.

97. Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

98. Defendants' failure to pay Plaintiff (and the Class) an additional hour's pay for each day Plaintiff (and the Class) spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

99. Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

100. Defendants failed to provide Plaintiff, at the time his employment commenced, with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as require by NYLL § 195(1).

101. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL § 195(3).

102. Defendants acted willfully in their violation of the above-described NYLL requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and their right to join, and permitting them promptly to file

consent to be Plaintiffs in the FLSA claims in this action;

(b) Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c) Designating Plaintiff as Class Representative, reasonable service award for Plaintiff, and his counsel of record as Class Counsel;

(d) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(e) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA Class members' compensation, hours, and wages.

(f) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

(g) Awarding Plaintiff and the FLSA Class members damages for the amount of unpaid overtime wages;

(h) Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable, pursuant to 29 U.S.C. §216(b);

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the CMWA as to Plaintiff and members of the Class;

(j) Declaring that Defendants have violated the recordkeeping requirements of the CMWA with respect to Plaintiff's and the Class members' compensation, hours, and wages, and any deductions or credits taken against wages;

(k) Awarding Plaintiff and Class members damages for the amount of unpaid overtime

wages and damages for any improper deductions or credits taken against wages;

(l) Awarding Plaintiff and Class members damages for Defendants' violation of the CMWA notice and recordkeeping provisions;

(m) Awarding Plaintiff and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to § 31-72;

(n) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(o) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff and the Class members compensation, hours, and wages, and any deductions or credits taken against wages;

(p) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the Class members;

(q) Awarding Plaintiff and the Class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(r) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(s) Awarding Plaintiff and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(t) Awarding Plaintiff and the Class members pre-judgment and post-judgment interest as applicable;

(u) Awarding Plaintiff and the Class members the expenses incurred in this action, including costs and attorney's fees; and

(v) All such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

PLAINTIFF,
JOSE SAEZ

By: *<u>/s/ Todd Steigman</u>*

Todd Steigman (ct26875)
Jennifer C. Messina (ct31759)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466 Fax: (860) 246-1789
Email: tsteigman@mppjustice.com
jmessina@mppjustice.com